

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIMPIA NEAL, individually and as representative of the Estate of Mauricio Sanchez Ramos,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 3:25-cv-1414-CAB-BJW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Doc. No. 5]** |

On June 4, 2025, Plaintiff Olimpia Neal sued Defendants City of San Diego, San Diego Police Department ("SDPD"), SDPD Officer Ruben Berton, and Does 1–10 pursuant to 42 U.S.C. § 1983 following the death of her son Mauricio Ramos. [Doc. No. 1 ("Compl.")]  She brings claims for wrongful death, survival action, deprivation of relationship with decedent, and *Monell* violations. [Compl. at 4–8.]  Defendants City of San Diego and SDPD ("Defendants") filed a motion to dismiss Plaintiff's *Monell* claim. [Doc. No. 5.]  The matter is fully briefed, and the Court finds it suitable for determination on the papers.  *See* CivLR 7.1(d)(1).  For the reasons below, the Court **GRANTS** the motion to dismiss.

## I.  BACKGROUND

On June 4, 2023, Plaintiff's son, Mauricio, boarded a San Diego trolley while allegedly experiencing a mental health emergency. [Compl. ¶¶ 10–12.] After observing Mauricio pacing back-and-forth with a Glock replica BB pistol, a passenger called 9-1-1. [*Id.* at ¶¶ 13–14.] When the trolley reached San Ysidro station around 9:00 PM, all passengers evacuated with only Mauricio left inside. [*Id.* at ¶ 16.] Defendant Officer Berton responded to the scene, and a transit security officer identified Mauricio. [*Id.* at ¶¶ 18–19.] Defendant Berton entered the trolley and fired multiple shots at Mauricio, who died waiting for paramedics to arrive. [*Id.* at ¶ 21.] Plaintiff alleges, *inter alia*, that Defendants City of San Diego and SDPD are liable for maintaining unconstitutional policies, customs, and practices, including using excessive force, hiring officers that abuse their authority and mistreat citizens, and more, which led to Mauricio's death. [*Id.* at ¶ 50.]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*,

550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III.  DISCUSSION

Defendants City of San Diego and SDPD argue that Plaintiff "fails to allege the required facts to establish any *Monell* violations" and that her allegations are "conclusory, boilerplate statements[.]" [Doc. No. 5-1 at 5.] The Court agrees.

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). First, Plaintiff alleges that Defendants maintain unconstitutional policies that led to Mauricio's death. She identifies "SDPD Policy 1.04, 1.05, 6.2, and/or 6.28," [Compl. ¶ 22], but does not allege any facts showing how these policies were a moving force behind the violation. Indeed, she offers only conclusory statements that these policies "were affirmatively linked to and were a significant driving force" behind the violation. [*Id.* at ¶ 54.] Moreover, Plaintiff alleges that these policies actually "emphasize the use of de-escalation tactics and the proper response to individuals experiencing mental health crises." [*Id.*] It is unclear, then, how these policies, which emphasize de-escalation when dealing with mentally unwell individuals, enabled Mauricio's death.[1]

---

[1] Plaintiff also identifies "California Peace Officer Standard of Training (POST) Learning Domain 37, Chapter 4, which provides guidance on dealing with mentally ill or emotionally disturbed individuals." [Compl. ¶ 23.] However, she similarly fails to show how this training policy contributed to the constitutional violation.

    Plaintiff next alleges that Defendants inadequately supervised, trained, controlled, assigned, and disciplined Defendant Berton. [*Id.* at ¶ 50.] "Under limited circumstances, the failure to train municipal employees can sustain a *Monell* claim." *Manlove v. County of San Diego*, 759 F. Supp. 3d 1057, 1068 (S.D. Cal. 2024) (internal quotation marks omitted) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397 407 (1997). Plaintiff, however, offers "no facts relating to any allegations of constitutional violations that have occurred in the past or any facts relating to the training" of Defendant Berton or any other SDPD officer. *Id.* Defendant Berton shooting and killing Mauricio— on its own—cannot sustain a *Monell* failure-to-train claim. *See Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 938 (S.D. Cal. 2022) (granting motion to dismiss on a failure to train claim where plaintiff identified a single alleged unconstitutional incident).

    Finally, Plaintiff alleges that Defendants maintain "an unconstitutional custom and practice of using excessive force against individuals experiencing mental health emergencies, detaining and arresting individuals without probable cause, and covering up instances of police misconduct." [Compl. ¶ 50.] Plaintiff can allege a *Monell* claim based on custom, but the "custom must be so persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks omitted). Indeed, Plaintiff cannot "prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). That is, however, precisely what Plaintiff attempts to do. The only allegations in the complaint involve Defendant Berton shooting Mauricio. Plaintiff does not allege prior incidents concerning excessive force, illegal arrests, or misconduct cover-ups. Plaintiff offers only conclusory statements that Defendants maintain such customs and practices, which the Court will not accept. *See Iqbal*, 556 U.S. 662 at 678. Accordingly, the Court finds that Plaintiff fails to sufficiently plead her *Monell* claim against Defendants City of San Diego and SDPD.

## IV. CONCLUSION

Defendants' motion to dismiss is **GRANTED**. Plaintiff's fourth cause of action for *Monell* violations is **DISMISSED with leave to amend**. Should Plaintiff choose to file an amended complaint, she must do so by **December 1, 2025**. Any amended complaint must comply with CivLR 15.1(c).

It is **SO ORDERED**.

Dated: November 12, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge